# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

December 3, 2018

Jian Hang, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA E-Mail:**
Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014
Courtroom 840

    Re: Cheng v. SBKU Services Inc. et al.
       1:17-cv-03573

Dear Hon. Judge Brown:

  Plaintiff Xiao Cheng ("Plaintiff," "Plaintiff Cheng," or "Mr. Cheng") and Defendants, SBKU Services Inc. d/b/a Kumo Japanese Steakhouse, Cheung Wah Lam, Bobby Lam (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

## I. Plaintiff's Allegations and Defendants' Responses

  This action was originally brought by Plaintiff for alleged failure to pay minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, failure to give a wage notice at time of hire, and failure to provide paystubs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

  Plaintiff Cheng alleged that he was formerly employed as a hibachi chef for SBKU Services Inc. d/b/a Kumo Japanese Steakhouse, a restaurant owned by Defendants and located at 2548 Nesconset Hwy, Stony Brook, NY 11790. Defendants hired Plaintiff from on or about April 26, 2014 to July 31, 2016. Plaintiff alleges that his schedule alternated between a six day workweek and a five day workweek. On a six-day workweek Plaintiff alleges that he worked fifty-five and a half (55.5) hours per week, and on a five-day workweek Plaintiff alleges that he worked forty seven (47) hours per week. During his time employed by Defendants, Mr. Cheng was paid a bi-weekly rate of $1,100.00.

  Defendants contested Plaintiffs allegations. In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II. Settlement Negotiations

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $101,284.98, exclusive of attorney's fees. The demand was wholly based on Plaintiff's maximum possible recovery if he were able to establish each and every claim. Defendants challenged many of the assertions in Plaintiffs complaint but engaged in settlement discussions and a settlement mediation to settle this matter before protracted and costly litigation. The Parties engaged in good faith settlement discussions and agreed on the settlement amount of $30,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $30,000.00, inclusive of Plaintiff's counsel's attorneys' fees of $9,650, $1,050 of costs and expenses, and settlement payments to Plaintiff Cheng of $19,300. The attorney costs and expenses are allocated as follows: $400 for filing fees, $300 mediation fees, and $350 for process services fees and costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, unpaid overtime wages, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to pay spread of hour premium. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

## III. The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's-length bargaining between experienced labor and employment counsel which was

completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### IV.     Plaintiff's Application for Attorney's Fees Should Be Approved

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $1,050 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $28,950 which comes to $9,650 as set forth in Paragraph 2 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $350. Daniel Tannenbaum, Esq., is an associate attorney on this case, has experience in employment litigation. Currently, Mr. Tannenbaum independently handles a case load of 20+ cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial with an hourly rate of $250. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $13,950, which his much more than $10,700 recovered in this case.

### V.     Conclusion

For the foregoing reasons, Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Jian Hang*
Jian Hang, Esq.
